UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SANDRA KARNES and CAROL TALLANT, on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs, | § § § | |
| v. | § § | C.A. No. H-07-0620 |
| GEORGE FLEMING, and FLEMING & ASSOCIATES, L.L.P., | § § § | |
| Defendants. | § § | |

## AGREED PROTECTIVE ORDER

WHEREAS, the parties to the above-captioned litigation (the "Litigation") have filed a joint motion for entry of this Agreed Protective Order ("Protective Order"), which is before the Court;

WHEREAS, the parties to the Litigation are engaged in discovery proceedings, which may include, among other things, the taking of depositions, responding to interrogatories, responding to requests for admission, and the production of documents for inspection and copying;

WHEREAS, these discovery proceedings necessarily involve the production of certain information which the parties believe to be confidential and sensitive personal, commercial, financial or business information;

WHEREAS, entry of this Protective Order is in the interest of justice and is necessary to protect the parties from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights;

WHEREAS, the parties have a serious and substantial interest in preserving the confidentiality of non-public, confidential, personal, proprietary, or commercially sensitive information;

WHEREAS, the parties' serious and substantial interest in preserving the confidentiality of non-public, confidential, personal, proprietary, or commercially sensitive information clearly outweighs any presumption of openness and any probable adverse effect that sealing will have on the general public health or safety; and

WHEREAS, the safeguards imposed by this Protective Order constitute the least restrictive means that will adequately protect the parties' aforementioned interest:

IT IS ORDERED THAT, pursuant to the agreement of the parties and the Federal Rules of Civil Procedure:

1.     This Protective Order shall govern the handling, production, and provision of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties and any non-parties (the "Producing Party")[1] to the Litigation – including all copies, abstracts, digests, notes, and summaries thereof, as well as any and all information contained therein or derived therefrom – in connection with discovery in the Litigation (such information is referred to herein as "Discovery Material").

2.     Any Producing Party may designate any Discovery Material, and any and all portions thereof, as "Confidential," under the terms of this Protective Order if such party in

---

[1] "Producing Party" means any party or non-party who discloses, produces, provides, or makes available any Discovery Material.

good faith believes that such Discovery Material contains non-public, confidential, personal, proprietary, or commercially sensitive information that requires the protections provided in this Protective Order.   Discovery Material that has been designated "Confidential" by a Producing Party is referred to herein as "Confidential Discovery Material."

3.     Discovery Material, or information derived therefrom, shall be used solely for purposes of preparing for and conducting the prosecution or defense of this Litigation; shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any communications with any third party not a party to the Litigation; and shall not be disclosed to any person or entity not authorized herein except by order of the Court.

4.     The designation of Discovery Material as "Confidential" for the purposes of this Protective Order shall be made in the following manner by any Producing Party:

(a)     In the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, except that in the case of multipage documents bound together by staple or other permanent binding, the word "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential Discovery Material.

(b)     In the case of electronic documents: by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, if practicable, or by written notification provided by the Producing Party to the party to whom the production is made, simultaneously with the production of the electronic documents, that the electronic documents (or designated pages or portions thereof) are to be treated as "Confidential" in accordance with this Protective Order.

35572                                                                 3

(c)   In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within fourteen (14) business days after receiving a copy of the transcript thereof, and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. Only those portions of the transcripts designated as "Confidential" in the Litigation shall be deemed Confidential Discovery Material.  The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.  All deposition testimony in this action shall be treated as "Confidential" until the end of the fourteenth business day after the parties and the deponent receive a transcript of that deposition so as to enable the Producing Party to make the designation permitted herein.

(d)   Any Producing Party may designate any Discovery Material that already has been produced as "Confidential" by notifying the party to whom the production has been made that such discovery material constitutes or contains Confidential Discovery Material.

(e)   Inadvertent failure to designate information as Confidential Discovery Material at the time of disclosure will not be deemed to constitute a waiver of such protection, and may be remedied by supplemental written notice given by the Producing Party. Upon receipt of such notification, all information so designated shall be subject to this Protective Order as if it had been initially so designated.  The party receiving such notice shall make a reasonable good-faith effort to insure that any analyses, memoranda, notes or

other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Materials.

5.      Subject to the further conditions imposed by the Protective Order, Confidential Discovery Material shall not be provided, furnished, shown, disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part by any non-Producing Party to any person or entity for any purpose, except in connection with this Litigation and then only to the following persons:

(a)      The parties to this Litigation and employees of the parties to the extent reasonably deemed necessary by counsel of record for the purpose of assisting in the prosecution or defense of this action for use in accordance with this Protective Order;

(b)      Outside and in-house counsel who represent parties in this Litigation, and regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) who are assisting the parties or are participating in the conduct of the Litigation for use in accordance with this Protective Order;

(c )      Experts or consultants not in the regular employ of the parties necessary to assist counsel for parties in this Litigation for use in accordance with and on the terms set forth in this Protective Order;

(d)      Witnesses or deponents and their counsel, during the course of or, to the extent necessary, in preparation for depositions or testimony in this Litigation for use in accordance with this Protective Order;

(e)      The Court, pursuant to the provisions of this Protective Order regarding filing documents under seal; and

(f)   Stenographers, videographers, or other court reporters employed in connection with this Litigation.

6.      (a)   Confidential Discovery Material may be provided to the persons liste in Paragraph 5(c) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of this Litigation, provided that such expert or consultant  is using said Confidential Discovery Material solely in connection with this Litigation and further provided that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Protective Order, consenting to the jurisdiction of the Court for the purposes of the enforcement of this Protective Order, and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted hereunder.  Each party to this agreement shall maintain the undertakings signed by its experts and consultants and shall make them available for inspection by the other side after experts have been designated, except that if the retained expert is consulting only, as described in Fed. R. Civ. P. 26(4)(B), then the executed undertaking need not be displayed until the case is finally over.

(b)   All persons listed in Paragraphs 5(a) and 5(d) above, before being given access to Confidential Discovery Material or information contained therein, must confirm or have confirmed their understanding and agreement to abide by the terms of this Protective Order by signing a copy of Exhibit A hereto.

(c)   Every person given access to Confidential Discovery Material or information contained therein shall be (i) advised that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than

pursuant to the terms thereof; and (ii) given a copy of this Protective Order. Any willful disclosure in violation of this Protective Order shall be deemed contempt of Court and shall be punishable to the full extent provided by law.

7.     No person receiving or having access to any Confidential Discovery Material shall reveal such Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Protective Order.   In the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately inform the Producing Party of all pertinent facts relating to the disclosure, including the name, address, and employer of each person to whom the disclosure was made.   The party responsible for the disclosure shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material by each unauthorized person who receives the information.

8.     Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Protective Order shall not:

(a)     Operate as an admission by any party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

(b)     Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(c)     Prejudice in any way the rights of any party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(d)     Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Protective Order;

(e)     Prevent the parties to this Protective Order from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material; or

(f)     Preclude any party from objecting to discovery that it believes to be otherwise improper.

9.     The Producing Party may waive the provisions of this Protective Order as to Confidential Discovery Material or any portion thereof only by explicit written waiver or a waiver expressly made on the record at a deposition or hearing.  Such waiver shall not result in a waiver of the confidential status of any other Confidential Discovery Material.

10.     This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own Confidential Discovery Material.—Nothing contained in this Protective Order shall prevent a party or non-party from disclosing Confidential Discovery Material to officers, directors or employees of the party or non-party that produced the Confidential Discovery Material. These individuals need not sign a copy of Exhibit A before receiving any such Confidential Discovery Material.

11.     If information subject to a claim of attorney-client privilege, attorney work product or any other ground upon which production of such information should not be made

is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made, pursuant to this paragraph, with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose until further Order of the Court.

12.     It is the present intent of the parties that the provisions of this Protective Order shall govern discovery in this Litigation.  Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on reasonable notice to the other parties hereto for good cause.

13.     The parties agree to be bound by the terms of this Protective Order pending the entry of this Protective Order by the Court, or an alternative thereto which is satisfactory to all parties, and any violation of these terms shall be subject to the same sanctions and penalties as if this Protective Order or the agreed alternative had been entered by the Court.

14.     The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom. Within twenty (20) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, all persons having received Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party

or destroy all such Confidential Discovery Material and certify that fact in writing to the Producing Party within five (5) business days of the date of such destruction.  Outside counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including Discovery Material containing Confidential Discovery Material) <u>provided</u> that such outside counsel, and employees of such outside counsel, shall not use or disclose such court papers or attorney work product to any person except pursuant to court order or written agreement with the party that produced the Confidential Discovery Material.  The termination of the proceedings in this Litigation shall not relieve any person to whom any Confidential Discovery Material has been disclosed from the obligations of this Protective Order.  The Court shall retain jurisdiction after the final disposition of this Litigation for the purposes of any application to modify or enforce the provisions of this Protective Order.

15.    During the pendency of this Litigation, any party objecting to the designation of any Discovery Material as Confidential Discovery Material may, after making a good-faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation.  While such application is pending, the Discovery Material in question shall be treated as Confidential Discovery Material pursuant to this Protective Order.  The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

16.    In the event that any party appeals from any decision of the trial court in this Litigation, the parties shall, if necessary, file a joint application to the appropriate appellate court to maintain under seal the documents filed with the trial court which contain or disclose Confidential Discovery Material, after the filing of any notice of appeal.  In the event that any party decides not to appeal, any party who seeks the continued sealing of any filed

document containing Confidential Discovery Material may petition the Court for continued sealing of the documents.  The provisions of this paragraph may be waived only with the written consent of the Producing Party.

17.    In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use.  Counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.

18.    If any person receiving documents covered by this Protective Order (the "Recipient") is subpoenaed in another action or proceeding or served with a document demand, including by a governmental agency, and such subpoena or document demand seeks Discovery Material which was produced or designated as "Confidential" by someone other than the Recipient, the Recipient shall advise all counsel of the subpoena or demand by a written notice that includes a copy of the request and is actually delivered at least fourteen (14) business days prior to the date of the requested disclosure (and no later than two business days after receipt of the subpoena or demand) by hand or facsimile transmission, or if the response time is shorter than fourteen (14) business days, within a reasonable time that allows the Producing Party to seek to prevent any such disclosure.  If the Producing Party objects to the disclosure, it may apply to the Court for an order prohibiting such disclosure and shall have at least ten (10) business days from the date on which it notified the disclosing party of its objection to make such application to the Court. Compliance by the Recipient with any Court order directing production pursuant to the subpoena or demand of any Confidential Discovery Material shall not constitute a violation of this Protective Order,

provided that the recipient has complied with its obligations under this paragraph and the Protective Order, including, without limitation, by following the procedures contained in this paragraph.

19.     The agreement to enter into this Protective Order shall not be construed in any way to prejudice the rights of any party to seek a different level of protection – including, without limitation, a "Highly Confidential" or "Attorney's Eyes Only" designation – for any Discovery Material produced in this Litigation.  The parties reserve the right to apply to the Court, upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material.

20.     Any party receiving notice from the Court regarding the unsealing of documents which have been designated "Confidential" shall immediately provide notice of the same to the other parties.

Dated:  *August 3, 2007*

_____
UNITED STATES DISTRICT JUDGE

APPROVED:

Defendants

Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SANDRA KARNES and CAROL TALLANT, on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | C.A. No. H-07-0620 |
| GEORGE FLEMING, and FLEMING & ASSOCIATES, L.L.P., | § § § | |
| Defendants. | § § | |

## **EXHIBIT A**

I hereby certify (i) my understanding that Discovery Material and/or Confidential Discovery Material are being provided to me pursuant to the terms and restrictions of the Agreed Protective Order ("Order") entered by the United States District Court for the Southern District of Texas, and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby consent and submit to the jurisdiction of the United States District Court for the Southern District of Texas for purposes of enforcement of the Order. I understand that violation of the Order is punishable by contempt of Court.

Dated:_____        Signature: _____

35572                                              13