```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | |
|---|---|
| SANDRA KARNES and §<br>CAROL TALLANT, on behalf of §<br>themselves and all others §<br>similarly situated, §<br> §<br>    Plaintiffs, §<br> §    CIVIL ACTION No. H-07-0620<br>v. §<br> §<br>GEORGE FLEMING and FLEMING §<br>& ASSOCIATES, L.L.P., §<br> §<br>    Defendants. § | |

## MEMORANDUM AND ORDER ON ATTORNEYS' FEES AND COSTS

This case was dismissed by Order dated October 3, 2008, for lack of subject matter jurisdiction (Document No. 132). The Court found that Plaintiff Sandra Karnes had not met her Rule 24 burden of showing that (1) she was an adequate class representative, and (2) common issues of fact and law predominated over individual issues. In addition, in denying Plaintiff's Motion to Reconsider, the Court expressed "concerns about whether [Plaintiff's] counsel has consistently demonstrated the type of diligence, zeal, and competence required of class counsel under Rule 23(a)(4)." Document No. 131 at 4-5.

Now pending are Defendant George Fleming's and Defendant Fleming & Associates, L.L.P.'s (collectively "Defendants") Motion for Attorneys' Fees (Document No. 134), and Plaintiff's Objection to and Motion to Vacate Clerk's Bill of Costs (Document No. 137).

After carefully considering the submissions, the Court concludes as follows.

I.  Defendants' Motion for Attorneys' Fees

Defendants seek their attorneys' fees and nontaxable costs incurred from December 11, 2007, until dismissal of the case on October 3, 2008, relying on (1) 28 U.S.C. § 1927 and (2) the Court's inherent authority.  Defendants assert that they should be awarded $498,600.00 in attorneys' fees and $17,670.00 in nontaxable costs because Plaintiff's counsel, once his client's claims were in jeopardy, "filed multiple unreasonable and dilatory salvage motions that required [Defendants] to respond and protracted the litigation."  Document No. 135 at 6, 7.

A.  28 U.S.C. § 1927

Section 1927 authorizes the imposition of sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously . . . ."  28 U.S.C. § 1927.  To prove that behavior was both "unreasonable" and "vexatious" requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."  Edwards v. Gen. Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998).  This test focuses on how the attorney *conducted* the litigation, not on the *merits* of the claim:

> [A]n attorney who files a meritorious claim and wins a substantial verdict may still be assessed sanctions under § 1927 if, during the case, he "multiplies the proceedings . . . unreasonably and vexatiously." Likewise, an attorney who files a meritless claim may not be sanctioned under § 1927 if he does not engage in such conduct. Section 1927 focuses on the conduct of the litigation and not on its merits.

Religious Tech. Ctr. v. Liebreich, 98 F. App'x 979, 983 (5th Cir. 2004) (quoting DeBauche v. Trani, 191 F.3d 499, 511 (4th Cir. 1999)). The statute is "penal in nature, and in order not to dampen the legitimate zeal of an attorney in representing his client, § 1927 is strictly construed." Travelers Ins. Co. v. St. Jude Hosp., 38 F.3d 1414, 1416 (5th Cir. 1994) (citations omitted).

Defendants refer to a few instances where they claim Plaintiff's counsel recklessly disregarded his duty to the Court. First, Plaintiff's counsel missed the deadline to file a reply brief to his client's Motion for Class Certification. After the Court granted Plaintiff leave to file a late reply, Plaintiff's counsel filed a brief that was almost four times the length permitted by the Court. That reply was stricken, and Plaintiff was given an additional two weeks to file a reply not to exceed 35 pages. Then, on the day the 35-page reply was due, Plaintiff electronically filed by mistake an extraneous document rather than the reply that he intended to file. Second, Plaintiff's counsel filed a Motion for Preliminary Injunction (Document No. 47) to freeze all assets that had been in Defendant Fleming & Associate's

trust account when the litigation was commenced more than a year earlier.  In the motion, Plaintiff's counsel failed to offer any evidence showing irreparable injury would result if the motion was not granted.  Document No. 121 (Order Denying Preliminary Injunction).  Third, Plaintiff's counsel belatedly moved to augment her class action with additional representatives.  Moreover, this occurred after the Magistrate Judge had already denied a similar motion in an order to which Plaintiff had not filed objections within the 10-day period allowed by the rule.  *See* FED. R. CIV. P. 72(a).

As mentioned, Plaintiff's counsel did not consistently demonstrate the kind of diligence, zeal, and competence required of class counsel, Document No. 131 at 4-5, and counsel's failings multiplied the volume of filings.  The Court is of the opinion, however, that counsel's failings and mistakes emanated from his neglect, lack of attention, and perhaps inexperience, rather than from a reckless disregard of his duty to the Court.  Section 1927 does not punish mere slipshod work; it punishes vexatious conduct. *See* Edwards, 153 F.3d at 246 ("The adverbs being in the conjunctive, sanctions under § 1927 must be predicated on actions that are both 'unreasonable' and 'vexatious.'").  Defendants have not shown that counsel's conduct was in bad faith, had improper motive, or exhibited a reckless disregard for his duty to the Court, and Defendants' request for attorneys' fees under § 1927 is therefore denied.

4

B.  <u>Inherent Authority</u>

"[F]ederal courts possess inherent power to assess attorney's fees and litigation costs when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." <u>Batson v. Neal Spelce Assocs.</u>, 805 F.2d 546, 550 (5th Cir. 1986). For the same reasons set forth above, the Court declines to exercise its inherent authority to order sanctions.

II.  <u>Plaintiff's Objection to and Motion to Vacate Costs</u>

Plaintiff objects and moves the Court to vacate the District Clerk's taxation of costs in the amount of $19,815.00. Document No. 137. The district clerk evidently taxed costs under Rule 54(d)(1), which allows an award to a "prevailing party." FED. R. CIV. P. 54(d)(1). The phrase, "prevailing party," is interpreted consistently across all federal fee-shifting statutes. *See* <u>Former Employees of Motorola Ceramic Prods. v. United States</u>, 336 F.3d 1360, 1364 (Fed. Cir. 2003); *see also* <u>Johansen v. United States</u>, 506 F.3d 65, 70 (1st Cir. 2007). "'[T]o be a prevailing party, one must receive at least some relief on the merits, which alters . . . the legal relationships of the parties.'" <u>Inland Steel Co. v. LTV Steel Co.</u>, 364 F.3d 1318, 1320 (Fed. Cir. 2004)). Defendant is not a prevailing party because the Court's dismissal for want of subject matter jurisdiction did not alter the legal relationship between the parties. *See* <u>Miles v. California</u>, 320 F.3d 986, 988

(9th Cir. 2003) ("We now conclude that . . . costs under Rule 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction, for in that case the dismissed party is not a "prevailing party" within the meaning of Rule 54(d)."); Vantage Trailers, Inc. v. Beall Corp., Civil Action No. H-06-3008, 2008 WL 4093691 at *4 (S.D. Tex. Aug. 28, 2008) (vacating costs taxed under Rule 54(d)(1) when case was dismissed for lack of jurisdiction). Defendant is therefore not entitled to an award of costs pursuant to Rule 54(d)(1).

Pursuant to 28 U.S.C. § 1919, however, the Court may order the payment of "just costs" when a suit is dismissed for want of jurisdiction. *See* Religious Tech. Ctr., 98 F. App'x at 986-87 & n.24. Unlike Rule 54(d), there is no presumption in favor of a cost award under section 1919; rather, awards under section 1919 are permissive. Id.; *see also* Callicrate v. Farmland Indus., Inc., 139 F.3d 1336, 1340 n.8 (10th Cir. 1998) (recognizing this distinction); Hygienics Direct Co. v. Medline Indus., Inc., 33 F. App'x 621, 625 (3d Cir. 2002) (same). Plaintiff argues that since she has now brought her claims in state court that "costs may be apportioned upon final resolution on the merits of the case." Document No. 137 at 1. Defendants concede that this is possible. Document No. 140 at 2. After having carefully considered the fact that Plaintiff has filed her claim against Defendants in state court, where much of the discovery taken here appears useful and

where an award of costs may ultimately be made in conjunction with the merits of that case, see TEX. R. CIV. P. 131, the Court finds no just costs that should be shifted from Defendants to Plaintiff by this Court.  Cf. Callicrate, 139 F.3d at 1342 (affirming an award of costs under section 1919 as "just," "particularly in light of the fact that there was . . . no ongoing state court litigation [between the parties]" in which the defendant could recover any costs).

### Order

For all of the above reasons, it is

ORDERED that Defendants' Motion for Attorneys' Fees and Nontaxable Expenses (Document No. 134) is DENIED.

It is further ORDERED that Plaintiff Sandra Karnes's Objection to and Motion to Vacate Clerk's Bill of Costs (Document No. 137) is GRANTED, and the District Clerk's taxation of costs in the amount of $19,815.00 to Plaintiff on October 17, 2008, is hereby VACATED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 17th day of February, 2009.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE